# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

**CHRISTINA BRYANT MEISSNER,**

    **Plaintiff,**

**vs.**                        **NO.: 1:26-CV-00132-CEA-CHS**

**BRANDON RENIQUE HARRIS,**
**JRF EXPRESS, INC., and TODAINS**
**OZWANZE RICHARDSON,**

    **Defendants.**

**JURY DEMAND**

---

## AMENDED COMPLAINT

---

COMES NOW, Plaintiff Christina Bryant Meissner and files her Amended Complaint against Defendants Brandon Renique Harris, JRF Express, Inc., and Todains Ozwanze Richardson and states as follows:

## PARTIES

1.    Plaintiff, Christina Bryant Meissner is a resident and citizen of Madison County, Alabama, residing at 115 James Parcus Circle, Madison, Alabama 35756.

2.    Defendant, Brandon Renique Harris is a resident and citizen of Bibb County, Georgia, residing at 1146 Calhoun Street, Macon, Georgia 31201.

3.    Defendant, JRF Express, Inc. (sometimes "JRF Express"), is a Georgia corporation with its registered agent having an address of: Todains Ozwanze Richardson, 2918 Emerson O Bynes Avenue, Tifton, GA 31794. Defendant JRF Express, Inc. is a foreign corporation who has failed to register and/or maintain a registered agent in the state of Tennessee.

1

4. Defendant, Todains Ozwanze Richardson is a resident and citizen of Tift County, Georgia, residing at 2918 Emerson O Bynes Avenue, Tifton, GA 31794.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

6. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in Hamilton County, Tennessee.

## STATEMENT OF FACTS

7. On or about May 9, 2025, at approximately 1:35 p.m., Plaintiff Christina Bryant Meissner was operating a 2025 Chevrolet Suburban automobile, traveling westbound in the interior lane of Interstate 24 in Chattanooga, Hamilton County, Tennessee.

8. At the same time, Defendant Brandon Renique Harris was operating a 2015 Mack 600 truck tractor towing a semi-trailer in the exterior (No. 2) lane of Interstate 24 westbound. The truck tractor was owned and/or controlled by Defendant Todains Ozwanze Richardson and operated under the authority and USDOT number 3936852 of Defendant JRF Express, Inc. At all relevant times, Defendant Harris was acting within the course and scope of his employment and/or agency with Defendant JRF Express, Inc.

9. As Defendant Harris attempted to change lanes from the exterior lane into the interior lane, the cab of his tractor became parallel with the rear half of Plaintiff's vehicle. Suddenly and without warning, Defendant Harris moved his vehicle into Plaintiff's lane of travel and struck the passenger side of Plaintiff's vehicle.

2

10. On May 9, 2025, Defendant Harris failed to yield the right-of-way to Plaintiff's vehicle while changing lanes and/or merging, causing the commercial motor vehicle he was operating to enter Plaintiff's lane of travel and collide with Plaintiff's vehicle.

11. The impact caused Plaintiff's vehicle to lose control and spin.

12. As a direct and proximate result of being struck by the vehicle operated by Defendant Harris, Plaintiff sustained personal injuries and damages.

## NEGLIGENCE AND STATUTORY VIOLATIONS

13. Defendant Harris was negligent in the operation of his vehicle in that he:

    a. attempted to change lanes without first ascertaining that such movement could be made with reasonable safety;

    b. failed to yield the right-of-way to Plaintiff's vehicle while changing lanes and/or merging;

    c. failed to maintain his lane of travel;

    d. failed to keep a proper lookout;

    e. failed to maintain proper control of the vehicle;

    f. failed to devote full time and attention to the operation of his vehicle; and

    g. failed to exercise reasonable care under the circumstances.

14. Defendant Brandon Renique Harris was guilty of negligence per se in that he violated certain statute or ordinances which were in full force and effect in the State of Tennessee on the date of the accident:

    a. Defendant failed to obey Tennessee traffic laws in violation of Tenn. Code Ann. § 55-8-103;

3

b.  Defendant failed to maintain his vehicle under due and reasonable care and control in violation of Tenn. Code Ann. § 55-8-136; and

c.  Defendant moved from his lane of travel into Plaintiff's lane of travel without first ascertaining that such movement could be made safely, in violation of Tenn. Code Ann. § 55-8-123; and

d.  Defendant failed to properly signal for a lane change in violation of Tenn. Code Ann. § 55-8-143.

15.  The violations of the aforementioned statutory and common law duties by the Defendant Brandon Renique Harris constitute negligent acts and/or omissions which were a direct and proximate cause of the accident and the injuries and damages sustained by the Plaintiff.

## RESPONDEAT SUPERIOR AND AGENCY

16.  As the employee, agent and/or driver/operator of a motor vehicle for the benefit of Defendant JRF Express, Inc., Defendant Brandon Renique Harris was an agent of Defendant JRF Express, Inc. and was acting within the line and scope of this agency at all times relevant to the issues in this case. Defendant JRF Express, Inc. is liable for the conduct of its agent and/or employee, Defendant Brandon Renique Harris.

17.  Upon information and belief, at the time of the subject collision, Defendant Brandon Renique Harris was operating the truck tractor under the authority and USDOT number of Defendant JRF Express, Inc. Pursuant to applicable federal motor carrier regulations, Defendant JRF Express, Inc. exercised responsibility for the operation of the commercial motor vehicle and is liable for the acts and omissions of Defendant Harris occurring during such operation.

4

18. Upon information and belief, at the time of the subject collision, Defendant Brandon Renique Harris was operating the truck tractor bearing signage for JRF Express, Inc. Defendant JRF Express, Inc., acquiesced in identifying itself as the responsible motor carrier by leaving its DOT identification number and name displayed on the Defendant's tractor. Under the "logo liability" or "placard liability" doctrines, a federally authorized motor carrier licensed by the U.S. DOT who displays its USDOT certificate number on its commercial motor vehicles is vicariously liable for the negligence of drivers operating that vehicle. Defendant JRF Express, Inc. is liable under these doctrines.

19. At all times relevant, Defendant JRF Express, Inc. was subject to the Federal Motor Carrier Safety Regulations governing the qualification, supervision, monitoring, and retention of commercial motor vehicle drivers.

## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

20. Defendant JRF Express, Inc. negligently hired, trained, supervised, monitored, and/or retained Defendant Brandon Renique Harris.

21. As a federally authorized motor carrier operating commercial motor vehicles in interstate commerce, Defendant JRF Express, Inc. owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, qualification, training, supervision, monitoring, and retention of its commercial drivers.

22. At all relevant times, Defendant JRF Express, Inc. was an interstate motor carrier operating pursuant to USDOT No. 3936852. Upon information and belief, JRF Express employed approximately 25 drivers and operated approximately 25 power units. As a federally regulated interstate motor carrier, JRF Express was required to qualify, monitor, supervise, and review the driving records and safety performance of its commercial drivers. Despite those duties, JRF

5

Express hired, retained, supervised, and/or permitted Defendant Harris to operate commercial motor vehicles under its authority despite information that would have revealed prior violations involving the operation of motor vehicles and commercial motor vehicles.

23. Upon information and belief, Defendant JRF Express, Inc. was required to maintain a Driver Qualification File for Defendant Harris and to periodically review and monitor his driving qualifications and safety performance pursuant to the Federal Motor Carrier Safety Regulations.

24. Upon information and belief, Defendant JRF Express, Inc. was required by the Federal Motor Carrier Safety Regulations to obtain and review Defendant Harris's motor vehicle record and to conduct periodic reviews of his driving qualifications and safety performance.

25. Upon information and belief, the foregoing records and information were maintained by, available to, or obtainable by Defendant JRF Express, Inc. in the ordinary course of its commercial motor carrier operations.

26. Prior to the subject collision, Defendant Harris had incurred multiple violations involving the operation of commercial motor vehicles, including a September 2023 Lake County, Oregon conviction for Violation of Posted Limits on Use of a Road, ORS § 818.130, and a subsequent overweight-axle violation on or about March 2024 in Union County, South Dakota. Upon information and belief, these violations were discoverable through reasonable review of Defendant Harris's qualification, driving, and safety history and should have been known to Defendants JRF Express, Inc. and/or Richardson.

27. Upon information and belief, a reasonable review of Defendant Harris's Driver Qualification File, motor vehicle records, safety performance history, prior employer inquiries, and other qualification materials would have revealed information concerning Defendant Harris's prior violations and driving history.

6

28. Upon information and belief, Defendant JRF Express, Inc. failed to adequately investigate Defendant Harris's driving history, failed to properly monitor his driving performance, failed to adequately supervise and train him in the safe operation of commercial motor vehicles, and failed to take reasonable corrective action despite information demonstrating prior violations involving the operation of motor vehicles and/or commercial motor vehicles.

29. Upon information and belief, Defendant JRF Express, Inc. knew or should have known that Defendant Harris presented an unreasonable risk of harm to the motoring public absent proper qualification, monitoring, supervision, and corrective action.

30. As a direct and proximate result of the negligent hiring, qualification, training, supervision, monitoring, and/or retention of Defendant Brandon Renique Harris, Defendant JRF Express, Inc. caused and/or allowed Defendant Harris to operate a commercial motor vehicle and cause the collision made the basis of this action.

31. The negligence of Defendants combined and concurred to proximately cause Plaintiff's injuries and damages.

## NEGLIGENT ENTRUSTMENT

32. At all times material to this action, Defendant Todains Ozwanze Richardson controlled, maintained, owned, leased, and/or had the right to control the truck tractor operated by Defendant Brandon Renique Harris.

33. Prior to entrusting the truck tractor to Defendant Harris, Defendant Richardson knew or, in the exercise of reasonable care, should have known that Defendant Harris had incurred prior violations involving the operation of motor vehicles and commercial motor vehicles and presented information that warranted further review, monitoring, supervision, and evaluation before being entrusted with a commercial motor vehicle.

7

34. On May 9, 2025, or in the days preceding said date, Defendant Richardson negligently entrusted the truck tractor to Defendant Harris despite knowing, or having reason to know, that Defendant Harris was likely to operate the vehicle in a manner creating an unreasonable risk of harm to others.

35. On May 9, 2025, Defendant Harris, while operating the vehicle negligently entrusted to him, caused and/or allowed a collision with the vehicle operated by Plaintiff.

36. The negligence of Defendants combined and concurred to proximately cause Plaintiff's injuries and damages.

## **DAMAGES**

37. As a direct and proximate result of said negligence of Defendants, Plaintiff alleges that she is entitled to damages including but not limited to, the following specific terms:

   a. Physical pain and suffering;

   b. Emotional distress;

   c. Loss of enjoyment of life;

   d. Loss of normal activities;

   e. Lost wages and diminished earning capacity;

   f. Medical expenses;

   g. Pre-judgment and post-judgment interest; and

   h. Costs of this action.

38. Defendants' negligence combined and concurred to proximately cause Plaintiff's injuries and damages.

8

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following:

1.  That a jury try this civil action on all issues so triable;

2.  That Plaintiff recover compensatory damages in an amount to be determined by the jury at trial;

3.  That Plaintiff recover pre-judgment interest as allowed by law;

4.  That Plaintiff recover post-judgment interest as allowed by law;

5.  That costs be taxed against Defendants; and

6.  That Plaintiff receive such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joe *A. King, Jr.*
David J. Hodge (BPR #037353)
Joe A. King, Jr. (ASB-5784-043K) *pro hac vice*
M. Foster Gregory (BPR #041256) *pro hac vice*
MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, Alabama 35801
P: 256-536-0588
F: 256-533-1504
dhodge@mkhlawyers.com
jking@mkhlawyers.com
foster@mkhlawyers.com

*Counsel for Plaintiff Christina Bryant Meissner*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been properly served upon the following counsel of record by the Notice of Electronic Filing generated by the Court's Electronic Case Filing System (CM/ECF) on this the 10th day of June, 2026.

Mary Beth White, BPR #24462
Kaitlyn M. Phillips, BPR #42449
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN  37219
Phone: 615-259-1366
mbwhite@lewisthomason.com
kphillips@lewisthomason.com
*Counsel for Defendant JRF Express, Inc and Todains Ozwanze Richardson.*

*s/ Joe A. King, Jr.*

10